

U.S. Department of Justice

Criminal Division

*1400 New York Avenue, NW*
*Washington, DC 20009*

December 14, 2021

**SENT VIA EMAIL**
DocuSign Inc.
Attn: Custodian of Records
docusignLEC@zwillgen.com

Re:     Grand Jury Subpoena for Records – #6637

Dear Sir/Madam:

    Attached please find a Grand Jury Subpoena for records maintained by DocuSign Inc. The attached Grand Jury Subpoena requires DocuSign Inc. to produce the requested documents to the Grand Jury.

    In lieu of personally appearing before the Grand Jury, you may choose to deliver the subpoenaed documents to the agent listed on the subpoena attachment. If you choose to do so, please also: (i) provide us with an inventory of all materials you are producing; and (ii) read and sign the attached "Certification of Records of Regularly Conducted Activity," provided that the information in the certification is true and accurate. This Certification will excuse you from appearing before the Grand Jury, and will allow the materials to be admitted into evidence at trial without the need for testimony of a business records custodian from DocuSign Inc.

    The Government prefers that you not disclose the existence of, or the fact of your compliance with, this subpoena, although there is no legal prohibition from doing so. Any such disclosure could impede the grand jury's investigation in this matter and thereby interfere with the enforcement of the law. In the event you do elect to disclose this subpoena, or the fact of your compliance with this subpoena, to any person or entity, we request that you notify me at 202-664-3486 or William.Johnston4@usdoj.gov prior to making any such disclosure.

    Thank you for your cooperation. If you have any questions, please contact me.

Sincerely,

*/s/ William Johnston*
William Johnston
Assistant Chief
Fraud Section, Criminal Division
U.S. Department of Justice

AO 110 (Rev. 06/09) Subpoena to Testify Before a Grand Jury

# UNITED STATES DISTRICT COURT
for the

District of Columbia

**SUBPOENA TO TESTIFY BEFORE A GRAND JURY**

To:   DocuSign Inc.
      Attn: Custodian of Records
      docusignLEC@zwillgen.com

**YOU ARE COMMANDED** to appear in this United States district court at the time, date, and place shown below to testify before the court's grand jury.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA<br>U.S. Courthouse, 3rd Floor      Grand Jury # 21-9-131<br>333 Constitution Avenue, N.W.<br>Washington, D.C. 20001 | Date and Time:<br>**January 4, 2022 at 9:00 AM** |
|---|---|

You must also bring with you the following documents, electronically stored information, or objects: *Any and all documents described in the Attachment to the Grand Jury Subpoena.*

Although you are not required to do so, if it is more convenient for you, you may send the requested records, preferably in non-proprietary electronic format via FedEx, UPS or DHL in lieu of personally appearing before the Grand Jury on the date indicated.

Date: December 14, 2021

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

The name, address, telephone number and email of the federal prosecutor requesting this subpoena:

William Johnston
Assistant Chief
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20530
(202) 514-0687 (direct)
(202) 664-3486 (mobile)
William.Johnston4@usdoj.gov

DocuSign Inc.
Attn: Custodian of Records
docusignLEC@zwillgen.com

# ATTACHMENT
(Grand Jury Subpoena Dated December 14, 2021)

**I.   INSTRUCTIONS**

A. In complying with this subpoena, you are required to produce all responsive documents that are in your possession, custody, or control, whether held by you or your past or present agent, employee or representative acting on your behalf. You are also required to produce documents that you have a legal right to obtain, that you have a right to copy, or to which you have access, as well as documents that you have placed in the temporary possession, custody or control of any third party.

B. No documents called for by this request shall be destroyed, modified, removed, transferred, or otherwise made inaccessible to the grand jury. If you have knowledge that any subpoenaed document has been destroyed, discarded or lost, identify the subpoenaed document and provide an explanation of the destruction, discarding, loss, or disposal, and the date at which the document was destroyed, discarded, or lost.

C. This subpoena is continuing in nature. Any document not produced because it has not been located or discovered by the return date shall be provided immediately upon location or discovery subsequent thereto with an explanation of why it was not located or discovered until the return date.

D. If you believe any responsive documents are protected by a privilege, please provide a privilege log which (1) identifies any and all responsive documents to which the privilege is asserted, (2) sets forth the date, type, addressee(s), author(s), general subject matter, and indicated or known circulation of the document, and (3) states the privilege asserted in sufficient detail to ascertain the validity of the claim of privilege.

E. Production with respect to each document shall include all electronic versions and data files from email applications, as well as from word processing, spreadsheet, database, or other electronic data repositories applicable to any attachments, and shall be provided to the grand jury where possible in its native file format and shall include all original metadata for each electronic documents or data file.

## II. DEFINITIONS

A. "**Document**" means any written, recorded or graphic material of any kind that is in your possession, custody or control. The term includes, but is not limited to: contracts; agreements; letters; telegrams; interoffice communications; memoranda; notes; reports; analyses; worksheets; spreadsheets; notebooks; surveys; lists; outlines; schedules; pamphlets; newsletters; flyers; charts; logbooks; tabulations; compilations; studies; books; records; telephone books or messages; visitor books; calendar or diary entries; desk or appointment calendars; drafts; business cards; minutes or meetings or conferences; notes or memos or other records of telephone or other conversations or communications; electronic transmissions (including emails, text messages, instant messaging, chat rooms, electronic bulletin boards); ledgers; financial statements; bank statements; bills or invoices; purchase orders; receipts; photographs; microfilm; microfiche; audio and video tape or disc recordings; and computer printouts. It also includes electronically stored data and electronic files, stored on file servers, e-mail servers, hard drives, or other electronic storage media within your control from which information can be obtained either directly or by translation through detection devices or readers. Any such document is to be produced in reasonably usable form, electronic and searchable, along with instructions for reading the data. Any such electronically stored information must be preserved in its native format. The term "document" includes the original (or a copy thereof if the original is not available) and all copies that differ in any respect from the original or that bear any notation, marking or information not on the original. "Document" shall also include all documents, materials, transmissions and information, including Electronically Stored Information within the meaning of the Federal Rules of Civil Procedure.

B. "**Electronically Stored Information**" or "**ESI**" shall mean the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any electronic medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form. This includes, but is not limited to, electronic mail, instant messaging, videoconferencing, and other electronic correspondence (whether active, archived, or in a deleted items folder), word processing files, spreadsheets, databases, and video and sound recordings, whether stored on: cards; magnetic or electronic tapes; disks; computer hard drives, network shares or servers, or other drives; cloud-based platforms; cell phones, personal digital assistants ("PDAs"), computer tablets, or other mobile devices; or other storage media.

C. "**Referring to**" or "**relating to**" shall mean discussing, describing, reflecting, regarding, containing, analyzing, studying, reporting, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

D. The terms "**including**" and "**includes**" shall be construed broadly so that specification of any particular type of document shall not be construed to exclude other types of documents that are nevertheless responsive but not specifically identified.

E. **"Communications"** refers to exchanges kept in any form, whether written, electronic, e-mail, text, telephone, or other, and is meant to be interpreted broadly in accordance with Federal Law.

F. Entities identified by name, including **DocuSign Inc,** shall be construed broadly to include any subsidiary, affiliate, successor-in-interest, or related corporate entity, as well as any employee, representative, contractor, affiliate, or vendor.

## III. REQUEST FOR DOCUMENTS

Please provide any and all records and information, including IP addresses, related to the following:

| DocuSign Envelope ID |
| --- |
| 8DF702D4-E9A7-4AA7-8EB3-47F9F2663FB7 |

**IN LIEU OF YOUR PERSONAL APPEARANCE BEFORE THE GRAND JURY**, *subpoenaed materials may be turned over to:*

Chris Cave  
Senior Special Agent  
U.S. Department of the Treasury  
Special Inspector General for Pandemic Recovery  
Office of Investigations

Ph: (202)809-3676  
Christopher.cave@sigpr.gov

# CERTIFICATION OF DOMESTIC RECORDS
# OF REGULARLY CONDUCTED ACTIVITY
### Pursuant to Fed. R. Evidence 902(11)

The undersigned declarant hereby declares, certifies, verifies, or states the following:

1. The declarant is a records custodian or other qualified person who can provide a written declaration regarding the records of regularly conducted business activity which are the subject of this certification.

2. The records of regularly conducted business activity (hereinafter "records") which are the subject of this certification are identified as: [If this is insufficient room in which to adequately identify the items certified, complete on a separate sheet and refer to that sheet here.]

3. The records are originals or duplicate copies of domestic (United States) business records;

4. The records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

5. The records were kept in the course of a regularly conducted business activity; and

6. The records were made by the regularly conducted business activity as a regular practice.

*I hereby declare, certify, verify, or state, under penalty of perjury, that the foregoing is true and correct.*

_____
Signature of Declarant

_____
Printed Name

_____
Title

_____
Company Name

_____
Business Address

_____
Date of Declaration/Execution

## Department of Justice, Criminal Division
## Litigation Support Specifications
11/30/2015

This document describes in general terms the DOJ Criminal Division's requirements for Searchable Image and Native Database production deliveries of electronic data, that is data processed from an electronic state, and scanned paper documents. The following requirements are geared toward a review environment based on Lexis Nexis Concordance or Concordance compatible review platforms such as Relativity.

**Searchable Image Database Productions of ESI**

Searchable Image Database productions of Electronically Stored Information (ESI) require the data to be produced as images, natives and text files. Native Format shall mean the data files in the form "as kept in the ordinary course of business." For example, a Native Format means that Excel spreadsheets are produced as Excel spreadsheets, Microsoft Word documents are produced as Microsoft Word Documents, etc. The responding party is required to produce the following for each record:

A. **Document Images are to be produced.** All documents or files are to be scanned (i.e. paper documents) or printed to CCITT Group IV, 300 DPI resolution, single-page, TIFF images. Each container file, such as an email PST or NSF or file container such as a ZIP file or RAR file shall be extracted. Each container item is to be considered a separate document. The parent/child relationship between the container and container item is to be maintained. Each email attachment is to be extracted from the parent email as a separate document. The parent/child relationship between email and attachment is to be maintained. Each image is to be endorsed, in at least a 10 point font, in the lower right hand corner with a unique serial ("Bates") number. The Bates number shall not obscure any information in the image. The Bates number shall be no more than 30 characters consisting of an alphanumeric prefix, leading zeros and the sequential number. For example PROD0000001, PROD0000002, etc.

B. **Native electronic files are to be produced.** Native electronic files are to be produced in addition to the TIFF images except for structured data, i.e. MS Excel, MS Access, *.exe files. The native file is to be named for the Bates number of first page of the document. If a file cannot be rendered to TIFF then a slip sheet image is to be produced and endorsed with the same Bates number. The slip sheet shall contain the "original filename," "original file path" and a brief explanation or description of the reason for the exception.

C. **Text files are to be produced**. A single, document-level, Unicode text file is to be produced for each record. Text files should be named after the image or native file. In the case of files where the text of the document is electronically extractable, the text file should contain the electronically extracted text. For files where the text of the document is not electronically extractable, the file should be imaged then processed using optical character recognition (OCR). For files where electronically extracted or OCR text is unavailable, the text file should contain language such as "No Text Available." The text from a slip sheet should not be provided in the text file.

D. **A Concordance compatible data file is to be produced.** Each file produced will have a corresponding record (row) in the data file. Data (.dat) files should not exceed 500MB in size.

The data file will contain the following fields:

| ID | FIELD NAME | FORMAT | FIELD DESCRIPTION |
|---|---|---|---|
| 1 | BEGDOC | Text | The BEGDOC field contains the unique sequential Bates number of the first page of the document. BEGDOC is to be designated the Image Key for each record. |
| 2 | ENDDOC | Text | The ENDDOC field contains the unique sequential Bates number of the last page of the document. |
| 3 | BEGATT | Text | BEGATT is used for records with a parent/child relationship (e.g., an e-mail with a file attachment). BEGATT is the BEGDOC for the parent record. This field is populated for each child record as well as the parent record. |
| 4 | ENDATT | Text | ENDATT is used for records with a parent/child relationship (e.g., an e-mail with a file attachment). ENDATT is the ENDDOC of the last child record in the parent/child group. This field is populated for each child record as well as the parent record. |
| 5 | FAMILY-RANGE | Text | Range of the family group in the format: BEGATT – ENDATT. This field is populated for each child record as well as the parent record. |
| 6 | FAMILY-DATE | MM/DD/YYYY | Date an e-mail record was sent. This field is populated for each attachment as well as the parent e-mail. This data shall be standardized to UTC, unless otherwise agreed upon. |
| 7 | FAMILY-TIME | HH:MM:SS | Time an e-mail record was sent. This field is populated for each attachment as well as the parent Email. This data shall be standardized to UTC, unless otherwise agreed upon. |
| 8 | PGCOUNT | Integer | The number of pages in a document when scanned or printed to single-page TIFF images. |
| 9 | CUSTODIAN | Text | The custodian of the record, if available. |
| 10 | SOURCE | Text | The original source of the data, if available (e.g. Smith's Work Laptop). |
| 11 | FROM | Text | Author of the e-mail message. |
| 12 | TO | Text | Primary recipient(s) of the e-mail message. |
| 13 | CC | Text | Recipient(s) of "carbon copies" of the e-mail message. |
| 14 | BCC | Text | Recipient(s) of "blind carbon copies" of the e-mail message. |
| 15 | SUBJECT | Text | Subject of the e-mail message. |
| 16 | DATESENT | MM/DD/YYYY | Date the e-mail message was sent. This data shall be standardized to UTC, unless otherwise agreed upon. |
| 17 | TIMESENT | HH:MM:SS | Time the e-mail message was sent. This data shall be standardized to UTC, unless otherwise agreed upon. |
| 18 | AUTHOR | Text | Author field value pulled from the metadata of the native file, if available. |
| 19 | TITLE | Text | Title metadata from electronic files if available. |
| 20 | DOCSUBJECT | Text | Subject metadata from electronic files if available |
| 21 | EMAIL FOLDER | Text | Full folder path contained within a mail store, if available. |
| 22 | DATECREATED | MM/DD/YYYY | Date the native file was created. This data shall be standardized to UTC, unless otherwise agreed upon. |

| 23 | TIMECREATED | HH:MM:SS | Time the native file was created. This data shall be standardized to UTC, unless otherwise agreed upon. |
|---|---|---|---|
| 24 | DATELASTMOD | MM/DD/YYYY | Date the native file was last modified. This data shall be standardized to UTC, unless otherwise agreed upon. |
| 25 | TIMELASTMOD | HH:MM:SS | Time the native file was last modified. This data shall be standardized to UTC, unless otherwise agreed upon. |
| 26 | DATELASTPRNT | MM/DD/YYYY | Date the native file was last printed (Office documents). This data shall be standardized to UTC, unless otherwise agreed upon. |
| 27 | FILE_PATH | Text | Fully qualified original path to the native document showing where the document was kept in the "ordinary course of business." |
| 28 | FILENAME | Text | Original filename of native file. Contains subject of e-mail message for e-mail records. |
| 29 | DOC_EXT | Text | File extension of the native file. |
| 30 | MD5HASH | Text | MD5 hash value of the document, if available. |
| 31 | SHAHASH | Text | SHA1 hash value of the document if available |
| 32 | CONVER_INDEX | Text | Conversation index value for Microsoft Exchange emails, if available. |
| 33 | ENTRYID | Text | Unique identifier of e-mails in mail stores, if available. |
| 34 | INTMSGID | Text | Internet message ID assigned to an e-mail message by the outgoing mail server, if available. |
| 35 | DOCTYPE | Text | Populate with the type of the document: E-Mail, Attachment, E-Doc, or Hardcopy. Note that embedded messages should be populated as Attachment; only the parent e-mail is populated as E-Mail. |
| 36 | PASSWORD_PROTECTED | Text | If the file is password protected, is a digitally secured email, or comes from a password protected archive, then populate with 'True', otherwise leave blank |
| 37 | PLACEHELD | Text | If the file is slip-sheeted, populate with the reason code: Native Format, Encrypted, Password Protected, Corrupted, Unsupported, Empty File. The Encrypted designation is to be used with digitally secured emails or other items not accessible via password entry. |
| 38 | TIMEZONE_OFFSET | Number | If the email record was not processed in UTC, provide the numerical offset value for the time zone used in processing. |
| 39 | NATIVE LINK | Text | The relational path and filename to the corresponding native file. |
| 40 | TEXT LINK | Text | The relational path and filename to the corresponding file containing the document's extracted text or OCR text. Extracted text and OCR text shall always be provided in a separate, linked document-level text file. Extracted text and OCR text shall never be embedded directly in a metadata file. |

The delimiters to be used for the data file are:

| | |
|---|---|
| *Field Separator* | ¶ or Code 020 |
| *Text Qualifier* | þ or Code 254 |
| *Row (record) terminator   Return or New Line* | ® or Code 174 |

A header row with field names shall be provided as the first row of each data file. A sample data file follows:

þBEGDOCþ¶þENDDOCþ¶þBEGATTþ¶þENDATTþ¶þFAMILY-RANGEþ


**E.  A Concordance Image (Opticon) Compatible Image Load File is to be produced.** An Opticon .OPT or .LOG text file is to be produced with the following comma delimited fields:

IMAGE KEY, VOLUME, IMAGE PATH, DOCUMENT BREAK, FOLDER BREAK, BOX BREAK, PAGE COUNT

Sample of an Opticon (.opt) file:

```
PROD0000001,VOL001,D:\VOL001\IMAGES\001\PROD0000001.TIF,Y,,,
PROD0000002,VOL001,D:\VOL001\IMAGES\001\PROD0000002.TIF,,,,
PROD0000003,VOL001,D:\VOL001\IMAGES\001\PROD0000003.TIF,,,,
PROD0000004,VOL001,D:\VOL001\IMAGES\001\PROD0000004.TIF,Y,,,
PROD0000005,VOL001,D:\VOL001\IMAGES\001\PROD0000005.TIF,,,,
```

Each volume should have separate NATIVE, IMAGE and TEXT sub-folders for the native, image and text files, and shall contain no more than 5,000 files per numbered sub-folder. The Volume folder will contain the data file. The data file will be named for the production volume (e.g. VOL001.DAT) and will have the .DAT file extension. The volume folder will contain a Concordance Image (Opticon) image load file with either the .opt or .log file extension. The image load file will be named for the production volume (e.g. VOL001.opt).

## Addenda

**Productions of Structured Data (e.g. Databases)**

Structured data (e.g., Oracle, SQL, MySQL, QuickBooks, etc.) including data from proprietary applications shall be the subject of discussion and agreement between the parties before production.

**Production of ESI from Non-PC or Windows-based Systems**

Production of ESI from non-Windows based systems shall be the subject of further discussion and agreement between the parties before production.

**Media Formats for Storage and Delivery of Production Data**

Electronic documents and data shall be delivered on any of the following media:

- CD-ROMs, DVD-R and DVD-R (Dual Layer)
- External hard drive or thumb drive, USB 2.0/3.0 or eSATA, formatted to NTFS format specifications
- Consolidate smaller volumes on single media, where possible, e.g. contents of 10 CDs may be copied to a single thumb drive.

**Virus Protection, Encryption and Security for Delivery of Production Data**

Production data shall be free of computer viruses. Any files found to include a virus shall be quarantined by the producing party and noted in a log. Such log shall then be provided. Password protected or encrypted files or media shall be provided with corresponding passwords and specific decryption instructions, as well as any software required shall be the subject of discussion and agreement between the parties before production.

Media shall be encrypted using Bitlocker, McAfee or an alternative encryption solution that does not require installation of software to the workstation.

**Multi-Media File Specifications**

**Audio**

When producing audio files created from recorded phone calls, the metadata fields below should be produced in addition to the metadata fields previously identified on this specifications document.

| ID | FIELD NAME | FORMAT | FIELD DESCRIPTION |
|---|---|---|---|
| 1 | CALLER NAME | Text | The name or unique ID of the caller. |
| 2 | CALLER ID | Numerical | The telephone number where the call originated. |
| 3 | CALL RECIPIENT ID | Numerical | The telephone number receiving the call. |
| 4 | PARTICIPANTS | Text | The identification of other speakers (NOT caller or called) in the audio if any. |
| 5 | CALL DATE | MM/DD/YYYY | The date the call was made and recorded. |
| 6 | AUDIO START TIME | HH:MM:SS | The time the call was made and recorded, standardized to UTC. |
| 7 | AUDIO END TIME | HH:MM:SS | The time the call was ended, standardized to UTC. |
| 8 | AUDIO DURATION | HH:MM:SS | The total amount of time of the call. |
| 9 | DOCTYPE | Text | Populate with type "Audio." |

In addition, when producing audio files, the specifications of the files should meet the following formats:

| SPECIFICATION | FORMAT |
|---|---|
| BITRATE | 192 kbps (8kHz/8 bit) |
| CHANNELS | Mono |
| CODEC | MP3 |

**Chat File Specifications**

When producing chat files (e.g. Bloomberg, AOL, etc.), the metadata fields below should be produced in addition to the metadata fields previously identified on this specifications documents.

| ID | FIELD NAME | FORMAT | FIELD DESCRIPTION |
|---|---|---|---|
| 1 | CHAT OR ROOM ID | Text | The name or unique ID of the chatroom. |
| 2 | CHAT ROOM NAME | Numerical | Name associated with the chat ID |
| 3 | PARTICIPANTS | Numerical | The number of participants in the chatroom. |
| 4 | CHAT PARTICIPANTS | Text | List of participant names. |
| 5 | CHAT START DATE | MM/DD/YYYY | The date the chat conversation begins. |
| 6 | CHAT END DATE | MM/DD/YYYY | The date the chat conversation ends. |
| 7 | CHAT START TIME | HH:MM:SS | The time the chat conversation begins. |
| 8 | CHAT END TIME | HH:MM:SS | The time the chat conversation ends. |

**Privilege Logs**

Unless otherwise agreed upon among the parties and prior to productions of data, it is required that privilege log(s) shall be the subject of discussion and agreement between the parties before production.

The recommended formats for producing privilege logs are MS Excel. All documents determined to be privileged by the producing party shall be identified in a manner agreed upon by the parties.

**Transmittal Letter to Identify Productions of Data**

Unless otherwise agreed upon between the parties, it is requested that all productions be accompanied by a transmittal letter including the following:

- Volume name
- Bates number (document ID or control number)
- Bates ranges referenced to custodian names
- Total number of records or files
- Total number of images or pages
- Field map to plainly identify field names, types, lengths, formats, date and time format

**Translated Documents**

English language translations of previously or concurrently produced documents should be provided separately from the untranslated originals. The translated documents should be provided as single-page TIFs named after the original documents' identifiers, to which a letter "T" should be appended. For example, the translation of the document "EG-000001" should be "EG-000001_T". An Opticon file should be provided along with these images. The extracted or OCR-generated text of the translations should be embedded in a field in the production load file. The load file should also include the following fields: BEGDOC, ENDDOC, BEGATT, ENDATT. If the length of the translated documents is such that their page numbers overlap using the original documents' identifiers, then a field holding the identifier of the original untranslated file should be included.