UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR 2705(B) NONDISCLOSURE ORDER FOR GRAND JURY SUBPOENA [GJ#21-9-131] (Current GJ#22-1-28) | SC. NO. 1:22-sc-2653 APPLICATION<br><br>Filed Under Seal |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2705(a) & (b)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this ex parte renewal application for an Order pursuant to 18 U.S.C. section 2705(a) and (b) to extend the delayed notification period previously granted by this Court in Orders entered January 20, 2022 (the "January 20, 2022 Order") and July 19, 2022 ("the July 19, 2022 Order"), respectively. The underlying applications and the associated Orders, which set forth the facts of this case, are provided as Exhibits A, B, C, and D to this application.

LEGAL AND FACTUAL BACKGROUND

1.  The United States Government, including the Department of Justice, is investigating possible violations of federal criminal law committed by Kevin Wan, companies associated with and/or owned by Wan, and other individuals. The investigation concerns possible violations of, inter alia, Title 18, United States Code, Sections 152 (Bankruptcy Fraud), 1014 (False Statements to a Financial Institution), 1344(2) (Bank Fraud), and 1956 (Money Laundering). The United States is investigating whether the aforementioned individual and related entities have engaged in fraud related to emergency financial assistance programs authorized under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act by submitting fraudulent loan applications through the Main Street Lending Program ("MSLP").

2. On January 20, 2022, during the course of its investigation, the United States filed under seal an ex parte application for an order pursuant to 18 U.S.C. section 2705(b) to DocuSign, not to disclose the existence of the attached subpoena pertaining to one of its customers or subscribers. See Exhibit A.

3. This Court granted the above application and by Order entered on January 20, 2022, ordered DocuSign not to notify any other person of the existence of the attached grand jury subpoena issued by the United States on behalf of a federal Grand Jury empaneled in the United States District Court for the District of Columbia (the "Subpoena") for a period of 180 days. See Exhibit B. .

4. On July 18, 2022, during the course of its investigation, the United States filed under seal an ex parte application to renew for a period of 90 days the order pursuant to 18 U.S.C. section 2705(b) to DocuSign, not to disclose the existence of the attached subpoena pertaining to one of its customers or subscribers (the "Renewal Application"). See Exhibit C.

5. This Court granted the Renewal Application and by Order entered on July 19, 2022 (the "July 19, 2022 Order"), ordered DocuSign not to notify any other person of the existence of the attached Subpoena for an additional 90 days. See Exhibit D.

6. In the January 22, 2022 Order, this Court found that there is "reasonable grounds to believe that such disclosure will result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, and serious jeopardy to the investigation." See Exhibit B.  Moreover, in the July 19, 2022 Order, this Court found that disclosure by DocuSign and its employees "would seriously jeopardize an ongoing investigation." See Exhibit D. The Court sealed the January 22, 2022 Order and the July 19, 2022 Order  and applications and ordered DocuSign and its employees not to disclose the existence of the Subpoena to any other person (except attorneys for DocuSign for the purpose of receiving legal advice) for a period of 180 days commencing on the date of the Order and 90 days, respectively, unless the period of nondisclosure

is later modified by the Court.

    7.    Since the Court's July 19, 2022 Order, the Government has further undertaken a diligent investigation of a complex alleged fraud scheme involving multiple individuals and corporations, including individuals who travel abroad with some regularity and corporations located outside of the United States. For example, on or about October 7, 2022, a magistrate judge in the Central District of Illinois issued a search warrant for four email accounts connected to Wan and three other individuals, and on or about October 11, 2022, granted a non-disclosure order with respect to the email provider. Thus, the Government believes that the investigation was and remains unknown to the potential targets and/or subjects, including the DocuSign customers and/or subscribers to whom the order pertains, and anticipates taking numerous additional investigative steps in the next 90 day period.

    8.    To obtain an order for more than one hundred and eighty days, the government must comply with 18 U.S.C. section 2705(b) which provides:

> A governmental entity may require a provider of remote computing service to disclose the contents of any wire or electronic communication to which this paragraph is made applicable by paragraph (2) of this subsection –
> . . . .
> (B) with prior notice from the governmental entity to the subscriber or customer if the governmental entity . . .
> . . . .
> (ii) obtains a court order for such disclosure under subsection (d) of this section;
>
> except that delayed notice may be given pursuant to section 2705 of this title.

    9.    Section 2705 permits a court to extend the delayed notification period for additional ninety day periods: "Extensions of the delay of notification provided in section 2703 of up to ninety days each may be granted by the court upon application . . . but only in accordance with subsection (b) of this section." 18 U.S.C. § 2705(a)(4).

    10.    Section 2705(b) states:

> The court shall enter such an order [to extend delayed notice] if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in . . .
>
> > (1) endangering the life or physical safety of an individual;
> > (2) flight from prosecution;
> > (3) destruction of or tampering with evidence;
> > (4) intimidation of potential witnesses; or
> > (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial.

11.     In its January 20, 2022 Order and July 19, 2022 Order, this Court granted the Government's request for delayed notice pursuant to 18 U.S.C. section 2705.  In this application, the United States requests, pursuant to 18 U.S.C. section 2705(a)(4) and (b), that the notification required under section 2703(b) of Title 18 be delayed for an additional ninety days commencing on the date this Order is entered.  The information provided by DocuSign pursuant to the January 20, 2022 Order and July 19, 2022 Order is relevant and material to the ongoing investigation, and providing notice at this time to the customers or subscribers associated with the information sought in the DocuSign Order would seriously jeopardize the investigation, as such a disclosure would give the subscriber or others allegedly involved in the scheme an opportunity to destroy evidence, change patterns of behavior, notify confederates, or flee.

12.     WHEREFORE, the United States respectfully requests that the Court grant the proposed Order filed herewith, (1) directing that the notification by the Government otherwise required under 18 U.S.C. section 2703(b) be delayed for an additional ninety days commencing on the date this Order is entered; (2) directing DocuSign not to disclose the existence or content of this Order, or the January 20, 2022 or July 19, 2022 orders associated with this case, to the subscriber associated with the January 20, 2022 or July 19, 2022 orders or to any other person for an additional 90 days; (3) directing that this application and Order be sealed along with the attached January 20, 2022 Order and application and the attached July 19, 2022 Order and application; and (4) directing that three certified copies of this application and Order be provided by the Clerk of

4

this Court to the United States Attorney's Office.

    Executed on October 14, 2022.

                                */s/ Elise Kent Bernanke*
Elise Kent Bernanke
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Ave, N.W.
Washington, D.C. 20005
(202)616-2777

*/s/ David Stier*
David Stier
Trial Attorney
Money Laundering and Asset Recovery Section,
Criminal Division
U.S. Department of Justice
1400 New York Ave, N.W.
Washington, D.C. 20005
(202)598-2818